### ISRAEL P. HUTTON, ADM'R FOR RUSSELL COOK v. SUSAN E. CUTHBERT AND DAVID CUTHBERT.

*Assignment of securities—Parties—Reasons for decree.*

A man executed an assignment of a mortgage security held by him in order that he might use it, if necessary, to secure himself and personal creditors, in case of the failure of a manufacturing concern in which he was interested ; but he never did use it and he continued to collect money on it as his own and used the money for his own purposes. *Held*, that this did not show that any effective assignment was intended or made out.

Defendants to a bill in equity cannot object to the omission to implead parties whose names they themselves will not disclose.

A decree in equity will not be set aside for containing superfluous reasons for the conclusion reached, if the result is correct, and the decree does not prejudice defendants. So *held* where a bill to obtain the release of a security was sustained not only on the ground that the alleged assignment of the security was never operative, but that it was void as against creditors. But in affirming the decree on the first ground it might properly be amended by striking out what related to insolvency.

Appeal from Cass. (A. J. Smith, J.) June 22.—July 2.

BILL to cancel assignment of mortgage and compel its transfer to complainant. Defendants appeal. Affirmed.

*F. J. Atwell* for complainant. A gift of a mortgage is void as against creditors. *Fellows v. Smith* 40 Mich. 689; a gift of personal property generally requires delivery, and when perfected is irrevocable except as against creditors: *Green v. Langdon* 28 Mich. 225; *Wilson v. Carpenter* 17 Wis. 512; *Byars v. Spencer* 101 Ill. 429: 40 Am. 212; but the mere execution of a deed or gift, if not delivered, will not transfer title: *Martin v. Ramsey* 5 Humph. 349; *Payne v. Powell* 5 Bush 248; unless the donor's intention to transfer it is established: *Ellis v. Secor* 31 Mich. 185.

*E. M. Plimpton, H. H. Coolidge* and *O. W. Coolidge* for defendants. Manual delivery of a note to a donee of it is unnecessary to the transfer of title: *Whitcomb v. Whitney* 24 Mich. 490; *Grangiac v. Arden* 10 Johns. 293; *Martin v. Frost* 75 N. Y. 134; Perry on Trusts § 98.

CAMPBELL, J. Complainant filed the bill in this cause to obtain the release and transfer to himself, as administrator, of a mortgage security formerly belonging to his intestate, which defendants claim was assigned to Susan E. Cuthbert (who is Russell Cook's daughter) by her father some years before his death, and by her to her husband, the co-defendant, David Cuthbert. He died in December, 1879. This assignment, which is regular and absolute in form, was

made in October, 1875. The bill assails the assignment — *first*, as never operative; and *second*, as voluntary and invalid as against creditors.

The court below decreed in complainant's favor on both grounds. In our opinion the first is the more important.

The defendants do not claim under the assignment as a donation in view of death. There is no evidence tending in that direction. They claim it to have been a present grant, intended to have immediate effect, and assert it to have been recognized and acted on as such.

Leaving out the hearsay testimony, of which there is a good deal in the record, we find the only explanation of the origin of the assignment given by the widow of the intestate, (who is not unfriendly to defendants, and seems disposed to favor them as far as she can,) who states that this, with a similar instrument in the name of a son, was executed at a time when Mr. Cook was interested in a furniture factory in Niles, which had become involved, and Mr. Cook executed them in order that he might use them if it became necessary to save himself and his personal creditors; but that it never became necessary, and he never used them. The testimony is satisfactory that he continued to treat the mortgage and collect money on it as his own, and used the money for his own purposes. There is some testimony of conversations with Mr. Cook, which, if admissible,—as some of them are not,—do not go far enough to establish any parting with the title to the mortgage. We do not think any effective assignment was intended or is made out.

Some objections are made that parties are left out who have become interested in the premises under a foreclosure sale which defendant David procured to be made pending these proceedings. Defendants, however, seem to have been especially careful in their answers to conceal the names of any such persons. There is no documentary evidence of any claim or interest in any one but the defendants, and no proof whatever that is tangible that the property is not in their names or under their control. We think it altogether likely it so remains; but at all events they

can take no objection concerning parties without disclosing who they are.

We should have some hesitation in declaring the assignment void as against creditors, if it actually became operative. But as it cannot prejudice defendants that the decree is so drawn, so long as the assignment is held null, the decree cannot be avoided merely because it contains some superfluous reasons. It may be proper to amend it by striking out the paragraph referring to insolvency as a reason for granting the decree, which is affirmed with costs.

The other Justices concurred.